# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY BOATNER, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | 2: 14-cv-01346 |
| v. | ) | |
| | ) | |
| **UNION TOWNSHIP POLICE DEPT.,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION

Pending before the Court is the APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 1), filed *pro se* by Harry Boatner, Jr. ("Plaintiff"). The Court will grant Plaintiff the permission to proceed *in forma pauperis* ("IFP"), i.e., without paying the filing fees. However, the Court will dismiss the Complaint without prejudice[1] for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(2).

**I.   Background**

Plaintiff's application to proceed *in forma pauperis* was docketed on October 6, 2014. In his application, Plaintiff claims to have monthly income of $760, which, he claims, renders him unable to pay the requisite filing fee.

Plaintiff's Complaint is attached as an exhibit to his application. In the caption of the Complaint, the "Union Township Police Dept." is named as the defendant, while in the second paragraph of the Complaint, Plaintiff states that "[t]he defendants are Union Township Police Officers," though none of these officers are ever specifically identified by name. In any event, he "contend[s] the officers acted under color of law and that they violated many more federal and

---

1.   The phrase "without prejudice" means that although this version of the Complaint is legally insufficient, Plaintiff is not prohibited from filing a second Complaint that addresses the issues described herein.

1

state laws to be determined by the court and that does'nt [sic] exclude attempted murder."

Liberally construed, the Complaint seeks to raise claims under 28 U.S.C. § 1983 for false arrest, "official oppression," and excessive force. The allegations of the Complaint can be summarized as follows. On April 10, 2014, police officers were called to the house of Plaintiff's brother because Plaintiff allegedly pulled a knife on two unnamed people in the house. The officers searched Plaintiff and the surrounding area but did not find a knife. Nevertheless, one of the officers smelled alcohol, so he arrested Plaintiff, allegedly without probable cause to believe he had committed any crime. Following Plaintiff's arrest, he was taken to the Union Township police station, where he was handcuffed and shackled to a bench. He alleges that the handcuffs were too tight, but the officers refused to loosen them. Furthermore, Plaintiff claims that "[t]he two or three officers present . . . committed Official Oppression while continuing to harass [him]." "Then one of the officer's [sic] walked up as [he] sat with [his] head down and tazed [him] right next to [his] heart." The officer then told Plaintiff to shut up or he would "taze" him again.

After being "tazed," things got blurry for Plaintiff. His next recollection was being taken to "District McGrath's office" – presumably a magisterial district justice – where he was "arraigned," allegedly "while laying outside on the gravel." Afterward, Plaintiff was taken to the county jail in a wheelchair. While in the jail, Plaintiff was seen by a nurse, who, like the officers, thought that he was drunk. She also performed an EKG and found that Plaintiff's heart was beating faster than normal. A few days later, Plaintiff was released on bond. Plaintiff claims that following his release from jail he experienced numbness in his hands from the handcuffs and still suffers from an increased heart rate.

**II.     Standard of Review**

A district court must use a "two-step analysis in evaluating motions to proceed under § 1915." *Roman v. Jeffes*, 904 F.2d 192, 194 n.1 (3d Cir. 1990). First, the court must evaluate the plaintiff's "financial status and determine[] whether (s)he is eligible to proceed *in forma pauperis* under § 1915(a)." *Id.* "If the litigant is indigent, IFP status ordinarily should be granted." *Jackson v. Brown*, 460 F. App'x 77, 78 n.1 (3d Cir. 2012) (citing *Gibbs v. Ryan*, 160 F.3d 160, 161 n.1 (3d Cir. 1998)). Second, the Court must determine whether the complaint is frivolous, malicious, fails to state a claim, or requests monetary relief from defendant cloaked with immunity. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). If so, it must be dismissed. *Id.*

A complaint is frivolous only if it is "based on an indisputably meritless legal theory" or if its "factual contentions are clearly baseless." *Roman*, 904 F.2d at 195 (citing *Neitzke v. Williams*, 490 U.S. 319 (1989)). Meanwhile, the standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the standard used when ruling on a Rule 12(b)(6) motion to dismiss. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). That is to say, the Court must accept as true all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. However, as the Supreme Court made clear in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007), the "factual allegations must be enough to raise a right to relief above the speculative level." *Id.* The Supreme Court has subsequently broadened the scope of this requirement, stating that only a complaint that states a ***plausible*** claim for relief survives a motion to dismiss." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (emphasis added). Furthermore, the Court must employ less stringent standards when considering *pro se* pleadings than when judging the work of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). The

Complaint must be construed liberally and inferences must be drawn from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). Additionally, in a § 1983 action such as this one, the Court must "apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep''t of Veteran Affairs*, 165 F.3d 244, 247–48 (3d Cir. 1999)).

**III.    Discussion**

The Court will grant Plaintiff IFP status because it is clear from his financial statement that he would be unable to pay the filing fee associated with this case. For the following reasons, however, his Complaint does not withstand scrutiny under 28 U.S.C. § 1915(e)(2)(B)(ii).

First, to the extent that Plaintiff is attempting to sue the "Union Township Police Dept." – the only defendant named in the caption of the Complaint – he is advised that such an entity is not a proper defendant. *Uhl v. Cnty. of Allegheny*, CIV. A. 06-01058, 2008 WL 2858412, at *11 (W.D. Pa. July 22, 2008) (citing *Johnson v. City of Erie*, 834 F. Supp. 873, 879 (W.D. Pa. 1993); *PBA Local No. 38 v. Woodbridge Police Dept.*, 832 F. Supp. 808, 826 (D.N.J. 1993)). Rather, as the Third Circuit Court of Appeals has recognized, a municipal police department is merely an arm of the municipality that it serves (i.e., Union Township), and not a separate legally recognized entity. *Padilla v. Twp. of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004) (quoting *DeBellis v. Kulp*, 166 F. Supp. 2d 255, 264 (E.D. Pa. 2001)). Accordingly, the claim against the "Union Township Police Dept." must be dismissed.[2]

---

2.    Although Union Township is subject to suit under 28 U.S.C. § 1983, it cannot be held liable simply because it employed the offending officers. *Monell v. Dept. of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691 (1978). Rather, should Plaintiff decide to file a new claim against the Township, he must adequately plead and prove with evidence that "'action pursuant to official municipal policy' caused [his] injury" in order to hold the Township liable. *Connick v.*

4

Second, although the Complaint makes reference to the alleged actions of various Union Township police officers, none of these officers are identified by name in the Complaint. So-called "John Doe" "[d]efendants 'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed.'" *Hindes v. F.D.I.C.*, 137 F.3d 148, 155 (3d Cir. 1998) (citing *Scheetz v. Morning Call, Inc.*, 130 F.R.D. 34, 36 (E.D. Pa. 1990)). However, "the case law is clear that . . . an action cannot be maintained ***solely*** against Doe defendants." *Id.* (emphasis added) (citations omitted). Thus, if Plaintiff wishes to pursue an action against specific Union Township police officers, he must identify the officers who were responsible for committing the conduct that he believes violated his constitutional rights, file a new Complaint properly naming them as defendants in the caption and clearly describing their personal involvement the body of the Complaint, and have them served with a summons and a copy of the Complaint within 120 days of the filing of the Complaint. *See* Fed. R. Civ. P. 4(m).³ Until then, however, his case must be dismissed.

Finally, Plaintiff should be aware that although claims for false arrest and excessive force are recognized under federal law, "official oppression" is a criminal offense under Pennsylvania law, the violation of which does provide a basis for bringing a claim under federal law. *See Troutman v. Bartlett*, No. 11-315, 2012 WL 6808559, at *1 n.3 (W.D. Pa. Dec. 4, 2012), *report*

---

*Thompson*, --- U.S. ----, 131 S. Ct. 1350, 1359 (2011) (quoting *Monell*, 436 U.S. at 691). "Official municipal policy includes the decisions of a government's lawmakers, the acts of its policymaking officials, and practices so persistent and widespread as to practically have the force of law." *Id.*

3. Fed. R. Civ. P. 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

*and recommendation adopted*, 2013 WL 85252 (W.D. Pa. Jan. 8, 2013). Accordingly, even if Plaintiff is able to identify and properly serve the Union Township police officers allegedly responsible for the allegedly unconstitutional conduct and plead a claim for municipal liability against the Township, he will not be permitted to proceed under the theory of "official oppression."

**IV.     Conclusion**

For the foregoing reasons, Plaintiff's Complaint will be **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2)(B)(ii). An appropriate Order follows.

McVerry, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY BOATNER, JR.,** | ) | |
| Plaintiff, | ) | 2: 14-cv-01346 |
| v. | ) | |
| **UNION TOWNSHIP POLICE DEPT.,** | ) | |
| Defendant. | ) | |

## ORDER OF COURT

**AND NOW**, this 9th day of October, 2014, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED, AND DECREED** that the APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (ECF No. 1), filed *pro se* by Harry Boatner, Jr. ("Plaintiff"), is **GRANTED**. However, his Complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. The Clerk of Court is **ORDERED** to docket this case as **CLOSED**.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Court Judge

cc: Harry Boatner Jr.
219 N. Beaver St. #1004
New Castle, PA 16101

Via U.S. first class and certified mail