# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARRY BOATNER, JR.,** | ) | |
| | ) | |
| Plaintiff, | ) | 2: 14-cv-01346 |
| v. | ) | |
| | ) | |
| **UNION TOWNSHIP POLICE DEPT.,** | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM ORDER

Pending before the Court is the PETITION FOR INJUNCTIVE RELIEF (ECF No. 4), filed *pro se* by Harry Boatner, Jr. ("Plaintiff"), an inmate at the Lawrence County Jail. Plaintiff filed an application to proceed *in forma pauperis* ("IFP") and a complaint on October 6, 2014 (ECF No. 1). Three days later, the Court granted Plaintiff's application to proceed IFP, but dismissed his complaint, without prejudice, for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii). In the Memorandum Opinion and Order dismissing the complaint, the Court advised Plaintiff (1) that the only Defendant named in the caption – the Union Township Police Department – is not an entity subject to suit in its own right under § 1983, and (2) that he could not maintain an action solely against the unidentified Union Township Police officers. "Thus," the Court explained,

> if Plaintiff wishes to pursue an action against specific Union Township police officers, he must identify the officers who were responsible for committing the conduct that he believes violated his constitutional rights, file a new Complaint properly naming them as defendants in the caption and clearly describing their personal involvement in the body of the Complaint, and have them served with a summons and a copy of the Complaint within 120 days of the filing of the Complaint.

Mem. Op. at 5, ECF No. 2.

To date, Plaintiff has not filed an amended complaint. Nevertheless, sometime in early

May 2015, Plaintiff mailed to the Clerk of Court the instant petition for injunctive relief, which is dated May 1, 2015. He claims, in short, that he is being illegally detained in the Lawrence County Jail on charges stemming from a December 7, 2014, arrest by the New Castle Police Department. He "seeks immediate relief from custody, and a complete investigation of the Lawrence County Court and its officials for violation of rights granted to [him] by the United States Constitution." Pl.'s Mot. ¶ 7.

Plaintiff's requested relief must be **DENIED**. Since Plaintiff's complaint was dismissed without prejudice, this action is no longer considered "pending." *Chambers v. Johnson*, 218 F.3d 360, 363 (5th Cir. 2000) (explaining that "an action that has been dismissed without prejudice" is not considered "a pending case"). Therefore, the "court lacks power to issue preliminary injunctive relief," *Powell v. Rios*, 241 F. App'x 500, 505 (10th Cir. 2007), and will continue to do so unless Plaintiff properly files an amended complaint, as is required to recommence this action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Until such point in time, however, this action must remain **CLOSED**.

**SO ORDERED**, this 12th day of May, 2015.

BY THE COURT:

s/ Terrence F. McVerry
Senior United States District Court Judge

cc: Harry Boatner Jr.
c/o Lawrence County Corrections
111 S. Milton St.
New Castle, PA 16101

Via U.S. first class mail